# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TANUVASA J. MOE,

        Appellant,

        v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
SF-0752-15-0285-I-1

DATE: October 21, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carson Peapealalo</u>, Honolulu, Hawaii, for the appellant.

<u>Jason Zhao</u>, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal of the agency's action removing him from his rigger apprentice position for illegal drug activity and failure to cooperate during an official investigation. Initial Appeal File (IAF), Tab 1. The agency based its action on a single narrative charge, which the administrative judge found to involve two distinct factual specifications: (1) the appellant engaged in illegal drug activity in 2009 or 2010; and (2) he refused to answer questions about the drug activity during the administrative investigation. IAF, Tab 13 at 92-93, Tab 20 at 15, Tab 33, Initial Decision (ID) at 4-5.

¶3      Based on the parties written submissions, the administrative judge sustained specification 1, finding that the agency's hearsay evidence and the appellant's admissions are sufficient to prove that he used and transacted in cocaine off duty in 2009 or 2010 while he was an agency employee.[2] ID at 6. However, because the appellant ultimately answered the investigators' questions, the administrative judge did not sustain specification 2. ID at 7. Nevertheless, because the agency proved part of the narrative charge, the administrative judge sustained the charged misconduct. *Id.* In addition, the administrative judge addressed the

---

[2] The record reflects that, during a conference call with the administrative judge, the appellant confirmed that he waived his right to a hearing. IAF, Tab 11.

appellant's three arguments of due process and harmful procedural error and found that the appellant was not deprived of due process or his procedural rights. Thus, he found no reversible error. ID at 7-9. The administrative judge found further that, while the sustained misconduct occurred off duty, the agency established a nexus with the efficiency of the service by proving that the appellant's illegal off-duty drug activity adversely affected the agency's trust and confidence in his job performance. ID at 9-10. Upon reviewing the penalty, the administrative judge considered the relevant factors and determined that removal was within the tolerable limits of reasonableness.

¶4 The appellant has filed a petition for review, and a reply to the agency's response. Petition for Review (PFR) File, Tabs 6, 10. The agency filed a response to the appellant's petition for review. PFR File, Tab 9.

¶5 On review, the appellant appears to challenge the administrative judge's determination that the agency proved that he was involved in off-duty illegal drug activity. Specifically, the appellant reasserts that the agency could not discipline him because he voluntarily disclosed his prior illegal drug use to the agency before his interview and he contends that he was not advised until later that others had reported his drug use to agency officials.[3] PFR File, Tab 10 at 5; ID at 6. However, as the administrative judge correctly found, the appellant cited no law or policy immunizing his disclosure. ID at 6. Furthermore, the administrative judge correctly found that, to the extent the appellant may be arguing that he was not subject to discipline under Executive Order 12564, which allows for employees to avoid discipline when they voluntarily identify themselves as drug users before being identified through other means, the appellant is not protected under this provision because he already had been

---

[3] The appellant also appears to argue that the initial decision should be reversed because he was not "receiving proper communication and return communication" from his union and other agency officials. However, the appellant's argument is vague and unclear and it fails to identify any error by the administrative judge that would warrant disturbing the initial decision. PFR File, Tab 10 at 4.

identified by his coworkers. *See Savage v. Department of the Air Force*, 49 M.S.P.R. 77, 80-81 (1991).

¶6        The appellant also reasserts that, during his voluntary investigative interview, he never stated that he used cocaine while employed with the agency. PFR File, Tab 10 at 5.  However, the administrative judge specifically addressed this argument and found that the report of investigation stated otherwise and that the investigator who prepared the report of the interview attested under penalty of perjury that it was accurate.  ID at 6.  The administrative judge found, moreover, that the appellant, who provided an unsworn "perfunctory denial," failed to address the specifics in the investigator's report or offer an alternative transcript. *Id*.  Further, in support of the appellant's prior drug activity, the agency submitted hearsay statements from coworkers to support the charge.  The administrative judge found that the appellant's own admissions during his investigative interview corroborated his coworkers' statements and that the appellant offered no evidence to rebut the statements or even deny any of the specific allegations made by his coworkers.  ID at 5-7.  While the appellant continues to deny making the statement that he used cocaine while employed with the agency and he disagrees with the administrative judge's findings otherwise, he has submitted no evidence or argument on review that would warrant disturbing the initial decision.

¶7        In addition, the appellant contends that the penalty of removal is too harsh and he asserts that the "[m]itigating factors completely outweigh any negative accusations."  In this connection, the appellant argues that the administrative judge erred by finding that his misconduct was "extremely serious," and that there is "little to no sustainable evidence provided to prove such an accusation." PFR File, Tab 10 at 4.  The appellant further asserts that he has never failed a drug test and that he was previously an athlete in the local university. *Id*. at 5.

¶8        However, the administrative judge's review of the penalty decision is very thorough and reasonably explained and we agree with his determination that the penalty of removal is within the bounds of reasonableness for the sustained

misconduct. Specifically, the administrative judge found that the appellant's misconduct—"using and transacting in cocaine with coworkers—was intentional and repeated, and it was extremely serious, particularly because his job required him to work with heavy machinery in dangerous conditions." ID at 10. In considering the appellant's work history, the administrative judge treated the appellant as if he had no prior disciplinary record and he did not consider a separate suspension for unrelated misconduct because it occurred after the sustained misconduct here. ID at 10-11. The administrative judge also considered the fact that the appellant was charged with illegal drug activity that occurred 5 years earlier at the beginning of his employment with the agency and that there was no evidence that he had used drugs since. Additionally, the administrative judge considered the agency's evidence that it has a consistent practice of removing employees who have engaged in illegal drug activities and that it removed at least two other employees for off-duty drug use, even though they had more seniority than the appellant, less recent drug use, and no prior discipline. ID at 11. After considering the relevant factors and Board case law upholding removal for similar misconduct, the administrative judge gave due deference to the agency's penalty and found the appellant's removal to be within the tolerable limits of reasonableness. *Id*.

¶9      As shown above, the administrative judge thoroughly reviewed the seriousness of the sustained misconduct, the record evidence, the relevant *Douglas* factors, and the pertinent case law in balancing his penalty determination. ID at 10-11. We find no basis upon which to disturb these findings and determinations. *See Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶¶ 14-18 (2014); *Patterson v. Department of the Air Force*, 77 M.S.P.R. 557, 564, *aff'd*, 168 F.3d 1322 (Fed. Cir. 1998) (Table).

¶10     Thus, while the appellant disagrees with the administrative judge's determination to sustain his removal from the rigger apprentice position, the appellant's assertions on review fail to show any error by the administrative

judge. Moreover, the applicable law and the record evidence support the administrative judge's findings that the agency proved the specification related to the appellant's illegal drug activity and that the penalty of removal is reasonable for the sustained misconduct. *See* ID at 5-11. Thus, we discern no reason to disturb these explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.